UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| PATRICK TAKUANYI, | |
| Plaintiff, | No. 19-1762 (JRT/ECW) |
| v. | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REOPEN AND TO PROCEED IN FORMA PAUPERIS |
| CITY OF SOUTH ST. PAUL POLICE DEPARTMENT, | |
| Defendant. | |

---

Patrick Takuanyi, 1675 Highway 96 East, White Bear Lake, MN 55110, *pro se*.

Evan Tsai, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, Saint Paul, MN 55103.

Plaintiff Patrick Takuanyi initiated this action, alleging federal civil rights claims against Defendant City of South St. Paul Police Department in connection with citations Takuanyi received from the department's officers and a message written on one of the citations. After the Court issued an order to dismiss the claim with prejudice in response to a stipulation of dismissal signed by both parties' attorneys, Takuanyi filed (1) a motion to vacate the dismissal and reopen the case and (2) an appeal of the dismissal for which he applies to proceed in forma pauperis. The Court will deny the Motion to Reopen because Takuanyi has not made the adequate showing necessary to vacate the order. The Court will also deny Takuanyi's Application to Proceed In Forma Pauperis, for now.

**BACKGROUND**

Takuanyi is a resident of South Saint Paul, Minnesota. (Compl. ¶ 1, July 2, 2019, Docket No. 1.) Over a period of several years, South Saint Paul code and law enforcement ticketed and towed several vehicles owned by Takuanyi or his business. (*Id.* ¶¶ 11–13, 16–18.) South Saint Paul code enforcement began to regularly inspect his property for code violations, and Takuanyi received phone calls and letters from South Saint Paul. (*Id.* ¶¶ 14, 16–17.) Takuanyi alleges that a racial epithet was written on one of the tickets. (*Id.* ¶ 21.) He also alleges that at some point a process server hired by South Saint Paul damaged his door and door frame and that the process server's gun frightened his children. (*Id.* ¶¶ 32–34, 36.)

In response to these events, Takuanyi filed a formal charge of discrimination with the Minnesota Department of Human Rights. (*Id.* ¶ 8.) The Department of Human Rights issued a determination of No Probable Cause on the charge. (*Id.*) The finding was affirmed on appeal. (*Id.*)

Takuanyi then brought this action in July 2019 against the City of South Saint Paul Police Department ("SSPPD") alleging claims of (1) racial discrimination and disparate treatment under 42 U.S.C. §§ 1981, 1983, and 1985 and (2) negligent infliction of emotional distress. (*Id.* ¶¶ 26–41.)

Takuanyi has had a series of problems finding and retaining counsel, repeatedly delaying the case. (Order at 1–4, Apr. 29, 2021, Docket No. 29.) On June 18, 2021,

attorney David Wilson noticed his appearance on behalf of Takuanyi. (Notice of Appearance, June 18, 2021, Docket No. 31.)

On June 21, 2021, the attorney for SSPPD notified the Court that a scheduled settlement conference was no longer necessary because the parties had reached a settlement agreement. (Letter to District Judge, June 21, 2021, Docket No. 32.) The following day the parties filed a stipulation of dismissal of all Takuanyi's claims, signed by Wilson as counsel for Takuanyi and signed by Evan Tsai as counsel for SSPPD. (Stip. Dismissal with Prejudice, June 22, 2021, Docket No. 22.) Accordingly, on June 30, 2021, the Court issued an order dismissing the case with prejudice. (Order, June 30, 2021, Docket No. 36.) In most cases, a stipulated dismissal with prejudice would have been the end. Not so in this case.

On July 13, 2021, Takuanyi sent a letter to the Magistrate Judge alleging that he had not given Wilson permission to settle his case for $1,000 as agreed to by Wilson and Tsai. (Letter to Magistrate Judge at 1, July 13, 2021, Docket No. 45.) Instead, Takuanyi claims that Wilson knew he would only settle for $150,000, but that instead Wilson "intimidate[ed] and threat[ened]" Takuanyi by saying that his "case was going to be dismissed." (*Id.*) Takuanyi asked the Court to dismiss his case without prejudice so that he could refile when he obtained a lawyer. (*Id.* at 1–2.)

In his letter to the Magistrate Judge, Takuanyi enclosed correspondence that took place after the parties filed the stipulation of dismissal: (1) a letter Wilson sent to Takuanyi; (2) a letter Takuanyi sent to Wilson; and (3) a letter Takuanyi sent to Tsai.[1]

First, Wilson sent Takuanyi a letter on July 1, 2021 in response to Takuanyi's refusal to sign the settlement agreement. (Letter to Magistrate Judge, Ex. 1, July 13, 2021, Docket 45-1.) In the letter, Wilson documents his representation of Takuanyi, the settlement negotiations, and urges Takuanyi to sign the settlement agreement. (*Id*.) Wilson advises Takuanyi that this is the best resolution he will receive. (*Id.* at 1.) In support of this, Wilson tells Takuanyi "you have no claims," "I cannot convey strongly enough that you did not have a viable claim," there are no clear constitutional violations, no evidence to support the claims, and other problems Wilson believed doomed this case. (*Id.* at 1, 3.) According to the letter, Takuanyi communicated to Wilson on July 1 that he had received a second opinion from someone who believed he had a viable case. (*Id.* at 2.)

Wilson's letter describes the negotiating process for a settlement including a final offer from SSPPD for $1,000 in return for dismissing all claims. (*Id.* at 2.) Wilson asserts that "I presented Defendants' offer to you, and you accepted. I told you I agreed with your decision . . . . I told you that you need to sign a release to receive the funds. You indicated that you were in a store, would review it when you returned home, and sign

---

[1] Takuanyi also sent the communications between himself and Wilson directly to Tsai. (Mem. Opp. Mot. to Reopen at 2, July 23, 2021, Docket No. 42; Aff. Evan C. Tsai, July 23, 2021, Docket No. 43.)

accordingly." (*Id.*) According to the letter, when Takuanyi did not return the signed agreement, Wilson's office contacted Takuanyi who "communicated a novel idea of starting the case anew and now refus[ed] to sign." (*Id.*) Wilson asserts that Takuanyi's "time to object has long passed, and [Takuanyi] never communicated [his] objection." (*Id.*)

The letter also notes that Wilson had communicated Takuanyi's agreement to the $1,000 settlement and stipulated to the dismissal because, according to Wilson, Takuanyi had accepted the settlement agreement. (*Id.*) Wilson then advised him that the Court had dismissed the case with prejudice and informed him that this meant Takuanyi "cannot start the case based on the same or similar claims again." (*Id.*)

The letter also claims that although their fee agreement would have allowed Wilson to collect fees, he had agreed not to. (*Id.*) Finally, the letter includes the settlement agreement and release including an agreement to dismiss this case with prejudice. (*Id.* at 4–5.)

Second, Takuanyi sent a letter to Wilson on July 7, 2021 in response to Wilson's letter. (Letter to Magistrate Judge, Ex. 3, July 13, 2021, Docket 45-3.) The letter indicates his disagreement with Wilson's letter, his desire for the case to go to trial, and that "[a]s [he] said before [he]'ll not accept anything less than $150,000.00 to settle." (*Id.* at 4.)

Third, Takuanyi also sent a letter to Tsai, SSPPD's attorney. (Letter to Magistrate Judge, Ex. 2, July 13, 2021, Docket 45-2.) The letter was sent no earlier than July 7 because

it references his July 7, 2021 letter to Wilson. (*Id.* at 2.) This letter also indicates that he rejected the settlement because the "amount was insignificant." (*Id.* at 1.) Here Takuanyi again asserts that he did not tell Wilson to settle for $1,000 and that the settlement "wasn't [his] wish." (*Id.*)

On July 20, 2021 Takuanyi filed four documents. First, a motion styled as a "Motion [to] Reopen." (Mot. to Reopen, July 20, 2021, Docket No. 38.) In this motion, Takuanyi asserts that he "had nothing to do with the dismissal with prejudice of [his] case." (*Id.* at 1.) He claims that Wilson and Tsai settled without his consent. (*Id.*) He also alleges that Wilson and Tsai "connive[d] with each[other] to commit a crime against" Takuanyi and that Wilson was attempting to damage Takuanyi's case for Wilson's own benefit. (*Id.* at 1–2.) Second, he filed a complaint he sent to the Minnesota Office of Lawyers Professional Responsibility against Wilson that makes much of the same allegations. (Letter to Office Lawyers Prof'l Responsibility, July 20, 2021, Docket No. 39.) Third, Takuanyi filed a notice of appeal to the Eighth Circuit of the order and judgment dismissing the case with prejudice. (Notice of Appeal to 8th Circuit, July 20, 2021, Docket No. 40.) Finally, he filed an Application to Proceed In Forma Pauperis on his appeal. (Appl. Proceed In Forma Pauperis on Appeal, July 20, 2021, Docket No. 41.) This application indicates that Social Security is currently his only form of income but that he may have had significant income from another job in the last two years, that he owns two real estate properties totaling more than $500,000 in value, and that he is owed $150,000 by a third

party.  (*Id.* at 1–3.)  It also indicates that he had a double stroke and brain injury that affects his earnings.  (*Id.* at 5.)

SSPPD opposes the Motion to Reopen.  (Mem. Opp. Mot. to Reopen, July 23, 2021, Docket No. 42.)

## DISCUSSION

### I. MOTION TO REOPEN

Pro se filings are held to a less stringent standard than formal submissions by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); Rivera v. Bank of Am., N.A., 993 F.3d 1046, 1049–50 (8th Cir. 2021).  The question is whether the pro se party "inartfully raised factual issues that implicated legal propositions that he could not reasonably be held responsible for articulating" such that the filing may be reasonably construed as raising the legal proposition.  *Bracken v. Dormire*, 247 F.3d 699, 703 (8th Cir. 2001).  Takuanyi's motion appears to seek relief under Federal Rule of Civil Procedure 60 which allows parties to obtain relief from judgments or orders in some circumstances.[2]

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *Jones v. Swanson*, 512 F.3d 1045, 1048

---

[2] Takuanyi may also be filing a motion to reconsider under Local Rule 7.1(j).  This rule requires parties to seek the court's permission before filing the motion.  D. Minn. LR 7.1(j).  The party "must show compelling circumstances to obtain permission."  *Id.*  Takuanyi has not asked for permission to do so but even assuming he had, Takuanyi has not shown compelling circumstances for the same reasons he has not made an adequate showing for his Rule 60 motion.

(8th Cir. 2008) (quotation omitted). The Court may grant relief from a final order or judgment under Rule 60(b) based on particular circumstances including mistake, surprise, fraud by an opposing party, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). In his reply brief, Takuanyi specifically cites to subsection 60(b)(1). (Resp. to Mem. Opp. Mot., July 30, 2021, Docket No. 46.) The Court will continue to construe the motion liberally and address other possible grounds for relief under Rule 60 based on Takuanyi's allegations.

### A.   Rule 60(b)(1) Mistake or Surprise

A party can be relieved from a final judgment or order if the judgment or order resulted from "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Rule, however, "has never been a vehicle for relief because of an attorney's incompetence or carelessness." *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476–77 (8th Cir. 1983); *accord Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). The movant bears the burden of making "an adequate showing of exceptional circumstances" warranting relief. *See Jones*, 512 F.3d at 1048; *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (placing the burden on the movant even when proceeding pro se); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("The burden is upon the party moving to have the judgment set aside to plead and *prove* excusable neglect." (emphasis in original)).

Takuanyi asserts that there was a mistake because his attorney was not authorized to accept the settlement and that it came as a surprise to him that his attorney had. There is, however, conflicting evidence on this claim as Wilson asserts that Takuanyi had in fact agreed to the settlement and indicated he would sign the settlement agreement when he returned home. Whether Takuanyi agreed to the $1,000 settlement is disputed, but he has submitted no evidence—such as contemporaneous notes or other corroborating evidence—to support his contention beyond a bare allegation. Takuanyi does not meet his burden of showing mistake or surprise under this subsection.

Moreover, even if the Court accepts that Takuanyi attempted to communicate his disagreement with the settlement to Wilson, he still may be bound by it as a matter of law. While a lawyer must comply with "a client's decision whether to settle a matter," Minn. R. Prof'l Conduct 1.2(a); *see also Aetna Life & Cas., Cas. & Sur. Div. v. Anderson*, 310 N.W.2d 91, 95 (Minn. 1981), under Minnesota law "[a]n attorney may bind a client, at any stage of an action or proceeding, by agreement . . . made in writing and signed by such attorney." Minn. Stat. § 481.08 (2020). Here, Wilson agreed to dismiss the case with prejudice in a signed writing. This was not a mistake or surprise under Rule 60(b)(1) because Takuanyi's attorney intended to sign the stipulation and was aware of the consequences if he did.

If Wilson improperly decided to sign the stipulation out of a failure to adequately communicate the terms of the settlement to Takuanyi, to properly confirm Takuanyi

understood and assented to those terms, or to wait until he had the signed agreement back from Takuanyi, these may be acts of incompetence or carelessness by an attorney.[3] They do not form a basis for Rule 60(b)(1) mistake or surprise.

### B. Rule 60(b)(3) Fraud

To prevail on a Rule 60(b)(3) motion, the movant must demonstrate through "clear and convincing evidence," that the opposing party "engaged in fraud or other misconduct and that this conduct prevented [the movant] from fully and fairly presenting its case." *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (quotation omitted); *see also* Fed. R. Civ. P. 60(b)(3).

Takuanyi asserts that Wilson and Tsai "connive[d] with each[other] to commit a crime against" Takuanyi. Even assuming Wilson did not have permission to settle the case, this would not indicate there was any misconduct on the part of Tsai or SSPPD, the opposing party. Takuanyi's own assertions make clear that Tsai merely relied upon communications from Wilson. Counsel for one party relying on communications from counsel for the other party is routine, is necessary to the functioning of our legal system, and is not fraud or other misconduct. Therefore, Takuanyi has not produced clear and convincing evidence that the opposing party engaged in fraud under Rule 60(b)(3).

---

[3] The Court makes no findings of fact or law as to Wilson's actions or the communications between Takuanyi and Wilson. The Court merely considers whether a remedy is available to Takuanyi if he had met his burden of proving the facts asserted.

### C.     Rule 60(b)(6) Catchall

Rule 60(b)(6) allows for relief of "any other reason that justifies relief." Relief under Rule 60(b)(6) is available only if "exceptional circumstances prevent relief through the usual channels." *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997) (quotation omitted). Rule 60(b)(6) relief is "exceedingly rare." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences." *Id*. (quotation omitted). Parties seeking relief must show they are without adequate redress absent relief under Rule 60(b)(6) and provide more than unsupported allegations. *See Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373, 374 n.6 (8th Cir. 1994).

Takuanyi has provided the Court with only unsupported allegations. He claims he never agreed to the settlement but provides nothing beyond his own say so that is directly refuted by his own attorney. He accuses his attorney of misconduct but points to no evidence supporting it. He says his attorney had an incentive to quickly settle against Takuanyi's interests but provides no evidence to support this and his attorney agreed to waive a right to fees from the settlement. He accuses his attorney of engaging in intimidation and threats that the case would be dismissed, but the letter his attorney wrote him provides an assessment of the case and the likely outcome, not undue threats.

It is possible that his attorney's assessment was incorrect, but nothing in the letter provides evidence supporting Rule 60(b)(6) relief.

Even if Wilson acted improperly, Rule 60(b)(6) is not the proper remedy. "Litigants choose their counsel at their peril." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 (8th Cir. 1997). Takuanyi must answer for his attorney's behavior, because any other result would punish SSPPD for relying on the representations of its opponent's lawyer. *See id.* at 118–19. He must do so even if he could prove Wilson acted with "'flagrant bad faith' and 'callous disregard' of [his] professional responsibilities." *See Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009–10 (8th Cir. 1993) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). If Takuanyi was truly victimized by Wilson, he has recourse in a malpractice action. *See Inman*, 120 F.3d at 119 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 634 n.10 (1962).

Because he has provided only unsupported allegations and he may have some available recourse, Takuanyi has not met his burden of showing exceptional circumstances exist that justify relief under Rule 60(b)(6).

In sum, Takuanyi has not established that he is entitled to relief under any provision of Rule 60(b), and the Court will therefore deny his Motion to Reopen.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

In addition to the motion filed here, Takuanyi filed a notice of appeal of the dismissal with prejudice with the Eighth Circuit Court of Appeals and applies to proceed in forma pauperis on appeal.

Takuanyi's application is missing significant amounts of information and seems likely to be incorrect in some places. He indicates that he has a current income of $828 per month in Social Security benefits.[4] The application shows, however, that he owns two real estate properties valued collectively at more than $500,000. He also reports that a third party owes him $150,000. He claims that he makes $5,000 per month in payments on a credit card but fails to name the creditor as required.[5] He also reports that he suffered from a double stroke and brain injury that affect his ability to earn an income. Based on this information, the Court finds that Takuanyi has significant assets and is therefore not indigent. Takuanyi has not shown in detail that he is unable to pay or give security for fees. *See* Fed. R. App. 24(a)(1)(A). As a result, Takuanyi is not eligible for in

---

[4] In another part of the application, Takuanyi indicates that his Social Security benefit was $11,696 per month within the past two years. He may have meant this on an annual basis or about $975 per month. This part also indicates that he was employed by Pet Enterprises LLC within the past two years. His income from this is even more unclear. It appears that he wrote "-71,269" in the box indicating he lost $71,269 per month at this job. It is possible the negative sign is a stray mark and he meant that he made $71,269, but again he may have meant this on an annual basis. Takuanyi testified in 2016 that he formed PET Enterprises, Inc. but that it was out of business. (Compl., Ex. 1 at 83:25–84:1 107:15–21, July 2, 2019, Docket No. 1.)

[5] It may be, similar to the issues with his income, that $5,000 is the outstanding balance on his credit card, not his monthly payment.

forma pauperis status on appeal and his Application to Proceed In Forma Pauperis will be denied.

If Takuanyi wishes to file a new application filling in the missing information and addressing the various other issues with the application, the Court will reconsider it at that time.

## CONCLUSION

Takuanyi has not made an adequate showing of exceptional circumstances that warrant relief under any section of Rule 60(b). He offers only bare assertions in support of his motion that do not meet the Rule 60(b) threshold.  Takuanyi has also not demonstrated that he is unable to pay the fees and costs for his appeal.  Therefore, the Court will deny his Motion to Reopen the case and his Application to Proceed In Forma Pauperis.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Reopen [Docket No. 38] is **DENIED**.

2. Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 41] is **DENIED**.

DATED: November 26, 2021             _____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                             Chief Judge
                                       United States District Court