UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PATRICK TAKUANYI,

                                      Civil. No. 19-1762 (JRT/ECW)

          Plaintiff,

v.

CITY OF SOUTH ST. PAUL POLICE DEPARTMENT,

          Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Patrick Takuanyi, 1675 Highway 96 East, White Bear Lake, MN 55110, *pro se* plaintiff.

Evan Tsai, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, Saint Paul, MN 55103, for defendant.

Plaintiff Patrick Takuanyi initiated this action, alleging federal civil rights claims against Defendant City of South St. Paul Police Department in connection with citations Takuanyi received from the department's officers. Both parties' attorneys signed a stipulation of dismissal, so the Court issued an order dismissing the case with prejudice. (Order Dismissing Case, June 30, 2021, Docket No. 36; Stip. Dismissal with Prejudice, June 22, 2021, Docket No. 33.) Takuanyi challenged the dismissal, arguing that his attorney lacked authority to enter into the stipulation, and also filed an appeal of the dismissal and applied to proceed in forma pauperis ("IFP"). (Mot. Reopen, July 20, Docket No. 38; 1st Appl. Proceed IFP on Appeal, July 20, 2021, Docket No. 41.)

The Court denied the motion to reopen as Takuanyi failed to demonstrate that relief was warranted under Federal Rule of Civil Procedure Rule 60(b). *Takuanyi v. City of S. St. Paul Police Dep't*, No. 19-1762, 2021 WL 5545230, at *5 (D. Minn. Nov. 26, 2021). The Court also denied his IFP application because it was difficult to determine his assets and income, but noted that it would consider a new application if Takuanyi refiled. *Id.* at *5–6. Takuanyi filed a new IFP application and an accompanying letter explaining his financial situation. (2nd Appl. Proceed IFP on Appeal, Dec. 6, 2021, Docket No. 51; Letter to District Judge, Dec. 6, 2021, Docket No. 50.) The Court found Takuanyi's new application sufficient and granted his IFP application. (Order Granting 2nd Appl. Proceed IFP on Appeal, Dec. 15, 2021, Docket No. 53.)

On appeal, the Eighth Circuit remanded for the Court to hold an evidentiary hearing as to whether Takuanyi could demonstrate that Wilson lacked authority to enter into a settlement and to dismiss his case. *Takuanyi v. City of S. St. Paul Police Dep't* ("*Takuanyi II*"), No. 21-3719, No. 22-1034, 2022 WL 1786602 (8th Cir. Mar. 2, 2022). After holding an evidentiary hearing and carefully considering the entire record and arguments presented, the Court found Takuanyi failed to meet his heavy burden of showing his attorney lacked authority to enter into a settlement on his behalf. (Mem. Op. Order Den. Pl.'s Mots. Reopen and Spoliation, Nov. 2, 2022, Docket No. 71.)

Takuanyi now appeals the Court's order denying his motion to reopen and accompanying motion for spoliation of evidence. (Not. of Appeal, Nov. 28, 2022, Docket

No. 72.) Takuanyi has again applied for leave to appeal the Court's decision on IFP status. (3rd Appl. Proceed IFP on Appeal, Nov. 29, 2022, Docket No. 74.)

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). While somewhat difficult to understand, it appears from Takuanyi's application that he is unable to pay the fees and costs associated with his appeal given the state of his assets and income, monthly expenses, and other financial burdens. Therefore, the Court will find that Takuanyi is indigent and financially eligible to proceed IFP on appeal.

Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *See id.* at 445–56. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Following the evidentiary hearing, the Court found that Takuanyi failed to present sufficient evidence to demonstrate his previous attorney lacked express authority to enter into the stipulation, or that a spoliation sanction was

warranted.  (Mem. Op. Order Den. Pl.'s Mots. Reopen and Spoliation at 12–13.)  Thus, the Court denied Takuanyi's motions to reopen his case and for spoliation of evidence.  (*Id.* at 14.)  However, the factual or legal arguments Takuanyi relied upon, while insufficient to carry his claims, are not frivolous as that term has been defined by the Supreme Court for IFP purposes.  *See Neitzke*, 490 U.S. at 325.  Therefore, the Court will not find that Takuanyi's appeal is made in bad faith.

The Court is satisfied that Takuanyi is financially eligible for IFP status.  Moreover, although the Court entertains no doubt that Takuanyi's motions were properly denied, it finds that Takuanyi's appeal is made in good faith.  Accordingly, the Court will grant Takuanyi's application to appeal in forma pauperis.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Takuanyi's Application for Leave to Proceed In Forma Pauperis on Appeal [Docket No. 74] is **GRANTED**.

DATED:  January 4, 2023  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge